IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| LAUREL J. MAU, | ) | CIV. NO. 12-00468 DKW-BMK |
| | ) | |
| Plaintiff and | ) | FINDINGS AND |
| Counter-Defendant, | ) | RECOMMENDATION TO DENY |
| | ) | DEFENDANT MITSUNAGA & |
| vs. | ) | ASSOCIATES, INC.'S MOTION |
| | ) | FOR ATTORNEYS' FEES AND |
| MITSUNAGA & ASSOCIATES, | ) | NON-TAXABLE EXPENSES |
| INC., | ) | |
| | ) | |
| Defendant and | ) | |
| Counter-Claimant. | ) | |
| _____ | ) | |

**FINDINGS AND RECOMMENDATION TO DENY
DEFENDANT MITSUNAGA & ASSOCIATES, INC.'S
MOTION FOR ATTORNEYS' FEES AND NON-TAXABLE EXPENSES**

Before the Court is Defendant/Counter-Claimant Mitsunaga & Associates, Inc.'s Motion for Attorneys' Fees and Costs, filed August 8, 2014. (Doc. 171.) Defendant argues, inter alia, that it is the prevailing defendant in this action and requests an award of $59,430 in attorneys' fees and $13,608.44 in non-taxable costs, for a total award of $73,038.44. (Docs. 171, 199 at 3, 15.)

On August 11, 2014, the Court found this matter suitable for disposition without a hearing pursuant to LR 7.2(d) of the Local Rules of Practice for the United States District Court for the District of Hawaii. (Doc. 172.) After careful consideration of the Motion, the supporting and opposing memoranda,

declarations, and exhibits attached thereto, and the record established in this action, the Court finds that no party clearly prevailed and recommends that no attorneys' fees and costs be awarded. Therefore, the Court recommends that the Defendant's Motion for Attorneys' Fees and Costs be DENIED.

## BACKGROUND

The parties and the Court are familiar with the factual and procedural background of this case; therefore, the Court will only address herein the background that is relevant to the instant Motion.

On August 20, 2012, Plaintiff filed a complaint against Defendant pleading the following causes of action: (1) Sex and Age Discrimination, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and under the Age Discrimination in Employment Act of 1967 ("ADEA"); (2) Sex and Age Discrimination, in violation of Hawaii Revised Statues ("HRS") Chapter 378; (3) Retaliation; (4) Negligent Infliction of Emotional Distress; (5) Intentional Infliction of Emotional Distress; and (6) Punitive Damages. (Doc. 1.)

On November 15, 2012, Defendant filed an answer to Plaintiff's complaint, which denied all of Plaintiff's allegations. (Doc. 6.) On May 10, 2013, Defendant sought leave of Court to file a counterclaim against Plaintiff, which was subsequently granted on July 19, 2013. (Docs. 20, 32.) On July 22, 2013,

Defendant filed its counterclaim against Plaintiff, alleging (1) Breach of the Duty of Loyalty; (2) Intentional or Tortious Interference with Prospective Business or Economic Advantage; (3) Negligence; (4) Conversion; (5) Fraud; and (6) Punitive Damages.  (Doc. 33.)  Plaintiff filed an answer to Defendant's counterclaim on August 1, 2013, which denied all of allegations made against her.  (Doc. 37.)

On June 12, 2014, Plaintiff voluntarily dismissed her age discrimination claim brought under the ADEA.  (Doc. 116.)  On June 18, 2014, Plaintiff clarified that her age discrimination claim brought under HRS Chapter 378 was also voluntarily dismissed.  (Doc. 118.)  On July 22, 2014, the Court granted Defendant's Federal Rules of Civil Procedure ("FRCP") Rule 50(a)[1] Motion with regard to Plaintiff's claims for intentional and negligent infliction of emotional distress, and denied the Motion with regard to Plaintiff's remaining claims for sex discrimination and retaliation.  (Docs. 152, 180 at 22-23.)  Despite granting Defendant's Rule 50(a) Motion in part, the Court did not make any finding that Plaintiff's claims were frivolous, and in fact, noted some merit to Plaintiff's intentional and negligent infliction of emotional distress claims.  (See Doc. 180 at 22-31.)

---

[1] FRCP Rule 50(a), which governs Judgment as a Matter of Law in a Jury Trial, provides, in relevant part, that a court may grant a motion for judgment as a matter of law against a party on a claim or defense if that party "has been fully heard on an issue during a jury trial and that court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue[.]"  FRCP Rule 50(a)(1).

3

Following a trial by jury, the Court entered Judgment on July 31, 2014, entering judgment (1) in favor of Defendant on all remaining claims in Plaintiff's Complaint; (2) in favor of Defendant on its first counterclaim for breach of duty of loyalty, awarding compensatory damages in the amount of $1; and (3) in favor of Plaintiff on all other counterclaims.[2] (Doc. 167.)

On August 8, 2014, Defendant filed its Bill of Costs and its Motion for Attorneys' Fees and Non-Taxable Expenses ("Motion"). (Docs. 170, 171.) On August 13, 2014, Plaintiff also filed a Bill of Costs, seeking an award of costs as the prevailing party on most of Defendant's counterclaims. (Docs. 182, 183.) On August 22, 2014, Plaintiff filed an opposition to Defendant's Motion. (Doc. 188.) Defendant's Motion, as originally filed, did not include a Memorandum in Support, which was subsequently filed on August 22, 2014. (Doc. 189.) On August 28, 2014, the Court granted Plaintiff leave to file a Supplemental Opposition to the Motion (Doc. 191), which Plaintiff filed on September 15, 2014. (Doc. 195.) Defendant filed its Reply on October 2, 2014. (Doc. 199.)

On September 17, 2014, this Court issued its Findings and Recommendation Denying Bills of Costs ("F&R"), recommending that both parties'

---

[2] Although the Court's July 31, 2014 Judgment enters judgment in favor of Plaintiff "on all counterclaims" (Doc. 167), on August 14, 2014, the Court entered an Amended Judgment clarifying that judgment was entered in favor of Defendant on its first counterclaim (breach of duty of loyalty), and in favor of Plaintiff "on all <u>other</u> counterclaims." (Doc. 184, emphasis added.)

Bills of Costs be denied because "no party clearly prevailed." (Doc. 196 at 1.) On October 1, 2014, Defendant filed objections to this Court's F&R arguing, inter alia, that it was the prevailing party on the main issues in the case, despite its award of nominal damages. (See Doc. 197 at 11-12) On October 15, 2014, Plaintiff also filed a Response to this Court's F&R, agreeing that there was no prevailing party in this action, and requesting that the F&R be adopted. (Doc. 200 at 9, 13.) A final order on the parties' Bill of Costs is currently pending.

## DISCUSSION

Title VII provides that in "any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee . . . as part of the costs[.]" 42 U.S.C. § 2000e-5(k). "Before awarding attorneys' fees, the Court must determine whether [the movant] represents a 'prevailing party.'" Feher v. Dep't of Labor & Indus. Relations, 561 F. Supp. 757, 762 (D. Haw. 1983). A prevailing party is "a party in whose favor a judgment is rendered, regardless of the amount of damages awarded[.]" Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't. of Health & Human Res., 532 U.S. 598, 603 (2001) (citing Black's Law Dictionary 1145 (7th ed. 1999)) (brackets omitted).

Under Title VII, "[a]ttorneys' fees should only be awarded a defendant

5

in exceptional circumstances." Bane v. Sailors' Union of the Pac., Civ. No. 05-00577 JMS-BMK, 2008 WL 2598155 at *1 (July 1, 2008) (citing Saman v. Robbins, 173 F.3d 1150, 1157 (9th Cir. 1999)) (internal quotation marks, brackets, and ellipsis omitted). "A plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." Id. (citing Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 422 (1978)) (internal quotation marks omitted). Moreover, other jurisdictions have found that an award of attorneys' fees to a prevailing Title VII defendant "is warranted where the plaintiff failed to establish a prima facie case of discrimination[.]" Id. at *3 (citations omitted). Thus, losing plaintiffs should be required to reimburse defendants only for "exceptionally unwarranted claims." Harris v. Maricopa Cnty. Superior Court, 631 F.3d 963, 973 (9th Cir. 2011) (internal quotation marks and brackets omitted).

      In this case, Defendant argues that Plaintiff's Title VII claims are frivolous, unreasonable, and without foundation, and that Plaintiff failed to present any evidence that would support her claims. (Doc. 189 at 2, 4.) The docket reflects that no pretrial dispositive motions were filed by Defendant in this case. Nearly a month before trial, Plaintiff voluntarily dismissed her age discrimination claims under both federal and state law. (Docs. 116, 118) At the close of

Plaintiff's case at trial, the Court denied in part Defendant's FRCP Rule 50(a) motion as to Plainitiff's sex discrimination and retaliation claims under both federal and state law, finding that the circumstantial evidence as it related to these claims was "substantial," and further noted that "the court cannot say that a reasonable jury would not be able to find for the plaintiff[.]"  (Trial Transcript, July 22, 2014 at 9:54 a.m., at 23.)  Although the Court granted Defendant's Rule 50(a) motion as it related to Plaintiff's intentional and negligent infliction of emotional distress claims, the Court stated that "[Plaintiff] undoubtedly suffered some level of emotional distress[,]" however, she failed to present evidence sufficient to meet the level of emotional distress needed for these claims to proceed to the jury.  (Id. at 29-30.)  Accordingly, it cannot be said that Plaintiff's claims were "frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so[,]" and therefore, Defendant failed to establish that this case presents "exceptional circumstances" under which it should be awarded attorneys' fees.  See Bane, Civ. No. 05-00577 JMS-BMK, 2008 WL 2598155 at *1.

## CONCLUSION

Based on the foregoing, the Court finds and recommends that Defendant's Motion for Attorneys' Fees and Non-Taxable Costs be DENIED.  Any Objection to this Findings and Recommendation shall be filed in accordance with

the Federal Rules of Civil Procedure and this Court's Local Rules.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, October 27, 2014.



/S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Mau v. Mitsunaga & Associates, Inc., Civ. No. 12-00468-DKW-BMK, FINDINGS AND RECOMMENDATION TO DENY DEFENDANT MITSUNAGA & ASSOCIATES, INC.'S MOTION FOR ATTORNEYS' FEES AND NON-TAXABLE EXPENSES.