IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| LAUREL J. MAU,<br><br>    Plaintiff and<br>    Counter-Defendant,<br><br>vs.<br><br>MITSUNAGA & ASSOCIATES, INC.,<br><br>    Defendant and<br>    Counter-Claimant.<br>_____<br><br>MITSUNAGA & ASSOCIATES, INC.,<br><br>    Defendant and<br>    Counter-Claimant,<br><br>vs.<br><br>LAUREL J. MAU,<br><br>    Plaintiff and<br>    Counter-Defendant. | CIVIL NO. 12-00468 DKW-BMK<br><br>**ORDER ADOPTING MAGISTRATE JUDGE'S SEPTEMBER 17, 2014 FINDINGS AND RECOMMENDATION DENYING BILLS OF COSTS** |

# ORDER ADOPTING MAGISTRATE JUDGE'S SEPTEMBER 17, 2014 FINDINGS AND RECOMMENDATION DENYING BILLS OF COSTS

## INTRODUCTION

Defendant Mitsunaga & Associates, Inc. ("MAI") objects to a portion of the Magistrate Judge's September 17, 2014 Findings and Recommendation, denying MAI's bill of costs. Because the Magistrate Judge properly found that no party clearly prevailed and that fees were not warranted pursuant to Local Rule 11.1, the Court ADOPTS the Findings and Recommendation and overrules MAI's objections.

## BACKGROUND

Mau filed a complaint against MAI, her former employer, alleging claims of: sex and age discrimination in violation of Title VII, the Age Discrimination in Employment Act ("ADEA"), and state law (Counts I & II); retaliation (Count III); negligent and intentional infliction of emotional distress ("NIED" and "IIED") (Counts VI & V); and punitive damages (Count VI). MAI filed the following counterclaims against Mau: breach of the duty of loyalty, intentional or tortious interference with prospective business or economic advantage, negligence, conversion, fraud, and punitive damages. The parties did not file any dispositive motions in this matter. Prior to trial, Mau dismissed her age discrimination claims.

A jury trial commenced on July 14, 2014. At the conclusion of Mau's case in chief, the Court granted MAI's Rule 50(a) motion with respect to Mau's claims for NIED and IIED. Before the case was submitted to the jury, the Court granted MAI's oral motion to dismiss its counterclaims for tortious interference and conversion. The jury found MAI not liable on each of Mau's claims. With respect to MAI's counterclaims, the jury found in favor of MAI on the first counterclaim for breach of the duty of loyalty and awarded MAI nominal damages in the amount of $1.00. The jury found for Mau on the remainder of MAI's counterclaims.

MAI and Mau each filed a Bill of Costs. In the September 17, 2014 Findings and Recommendation, the Magistrate Judge found that no party clearly prevailed and recommended that neither party be awarded costs. The Magistrate Judge also found that Mau's counsel did not fail to comply with the Court's Local Rules, and recommended the denial of MAI's request for $600.00 in attorney's fees as a sanction under Local Rule 11.1.

MAI now objects to the Magistrate Judge's Findings and Recommendation in part, and asks the Court to modify it by (1) granting MAI's Bill of Costs in its entirety because MAI is the prevailing party; and (2) ordering Mau's counsel to pay

MAI's attorneys' fees in the amount of $600.00, incurred in preparing the opposition to Mau's Bill of Costs.[1]

## **STANDARD OF REVIEW**

When a party objects to a magistrate judge's findings or recommendations, the district court must review *de novo* those portions to which the objections are made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 673 (1980); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("[T]he district judge must review the magistrate judge's findings and recommendations *de novo* if objection is made, but not otherwise.").

Under a *de novo* standard, this Court reviews "the matter anew, the same as if it had not been heard before, and as if no decision previously had been rendered." *Freeman v. DirecTV, Inc.*, 457 F.3d 1001, 1004 (9th Cir. 2006); *see also United States v. Silverman*, 861 F.2d 571, 576 (9th Cir. 1988). The district court need not hold a *de novo* hearing. However, it is the Court's obligation to arrive at its own independent conclusion about those portions of the magistrate judge's findings or

---

[1] Mau does not object to the portion of the Findings and Recommendation denying her Bill of Costs, which the Court therefore ADOPTS.

4

recommendation to which a party objects. *United States v. Remsing*, 874 F.2d 614, 616 (9th Cir. 1989).

## DISCUSSION

I. **MAI Is Not Entitled to Costs**

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." Under the Court's Local Rules, "[t]he party entitled to costs shall be the prevailing party in whose favor judgment is entered." Local Rule 54.2(a). As noted correctly by the Magistrate Judge in his Findings and Recommendation:

> Importantly, "[t]he trial judge has wide discretion in awarding costs under Rule 54(d) and may deny costs to the prevailing party in its discretion provided the court indicates its reasons." *Honolulu Data Entry Project, Ltd. (HDEP) v. D. Bello Assoc.*, Civ. No. 12-00467 BMK, slip op. at 5 (D. Haw. Sept. 10, 2014) (citing *K-S-H Plastics, Inc. v. Carolite, Inc.*, 408 F.2d 54, 60 (9th Cir. 1969)); *see also Yasui v. Maui Elec. Co.,* 78 F. Supp. 2d 1124, 1126 (D. Haw. 1999).

F&R at 2.

The Magistrate Judge correctly found that both parties prevailed on some claims and lost on some claims, and that the "results are sufficiently mixed such that no party clearly prevailed." *See id.* at 2-3 (citing *HDEP*). "Typically, a

5

determination of no prevailing party results when . . . the ostensibly prevailing party receives only a part of the relief sought. In other words, the judgment is considered good news and bad news as to each of the parties." *Johnston v. Lindauer*, 2010 WL 2850767, at *5 (E.D. Cal. July 20, 2010) (citing *Deane Gardenhome Ass'n v. Denktas*, 13 Cal.App.4th 1394, 1398, 16 Cal.Rptr.2d 816 (1993)). That is the case here, where MAI received only a very limited part of the relief it sought, and the judgment constituted both good news and bad news to both Mau and MAI.

The Court additionally notes that a party recovering a net positive sum – such as the $1.00 awarded to MAI – can nonetheless be found not to be a prevailing party. *See Adams v. Krueger*, 856 P.2d 864, 867 (Idaho 1993) (denying costs to party recovering $15,300 in tort damages based on the totality of the circumstances), cited with approval by, *Sletteland v. Blendu*, 2005 WL 1368080, at *2 (9th Cir. June 9, 2005).

Even assuming *arguendo* the MAI is the lone prevailing party, the Court has the discretion to deny costs to a prevailing party, as long as the Court indicates its reasons. *See Yasui v. Maui Elec. Co.,* 78 F. Supp. 2d 1124, 1126 (D. Haw. 1999). A trial court does not abuse its discretion when it declines to tax costs based on the complexity of the case, the conduct of discovery, and limited relief awarded to the prevailing party. *K-S-H Plastics, Inc. v. Carolite, Inc.,* 408 F.2d 54, 60 (9th Cir.),

cert. denied, 369 U.S. 825 (1969); *see also Singleton v. Smith*, 241 F.3d 534, 539 (6th Cir. 2001) (identifying "several factors a losing party may put forward that may be sufficient to justify a district court in overcoming the presumption in favor of a cost award, including the losing party's good faith, the difficulty of the case, the winning party's behavior, and the necessity of the costs.").

Here, although MAI was awarded nominal damages on one of its counterclaims, the Court finds that it is equitable and proper to deny MAI's Bill of Costs. In light of the Court's consideration of the complexity of the case, Mau's good faith in asserting her claims, the parties' conduct during the course of litigation, and the nominal relief awarded to MAI, the Court exercises its discretion to deny MAI's bill of costs.

## II. MAI Is Not Entitled to Attorneys' Fees As A Sanction

The Magistrate Judge denied MAI's request for attorneys' fees incurred in preparing its response to Mau's Bill of Costs, finding no failure to comply with the Local Rules. F&R at 3. MAI seeks attorneys' fees as a sanction pursuant to Local Rule 11.1, which provides that "[f]ailure of counsel or of a party to comply with any provision of these rules is a ground for imposition of sanctions, including a fine, dismissal, or other appropriate sanction." MAI argues that Mau's counsel did not

"make a good faith effort to arrange a conference/meet and confer session," in violation of Local Rule 54.2. Local Rule 54.2(c) requires:

> a representation that counsel met and conferred in an effort to resolve any disputes about the claimed costs, and the prevailing party shall state the results of such a conference, or that the prevailing party made a good faith effort to arrange such a conference, setting forth the reasons the conference was not held.

LR 54.2.

Mau provides a chronology of communications between counsel discussing Bill of Costs-related issues before she filed her Bill of Costs, demonstrating that the parties discussed the meet-and-confer requirement. However, Mau's counsel wrote to MAI's counsel: "I believe it will be more productive if we send each other the costs we propose, either on Monday or Tuesday, as it is due next Thursday." Mau Ex. F. Mau then sent MAI her proposed costs and supporting invoices before submitting the Bill of Costs, and requesting MAI's position. Mau Ex. G. MAI's counsel responded via letter, on August 12, 2014, that MAI objected to the costs. Mau Ex. H. Counsel for Mau responded in an August 13, 2014 letter that he believed the judgment supported Mau's request for costs. Mau Ex. I. Mau therefore provides sufficient evidence that her counsel made a good faith effort to resolve the issues and that a meeting would have been futile. *See, e.g., U.S. Bank Nat. Ass'n v. Hoʻolehua Housing, LP*, 2013 WL 5232008, at *1 (D. Haw. Sept. 16,

2013) ("In light of Plaintiff's attempts to contact defense counsel and given that counsel did confer on the issue of fees and costs, the Court is satisfied that Plaintiff met the requirements of Local Rule 54.2(c)."); *Tiki Shark Art Inc. v. CafePress, Inc.*, 2014 WL 3928799, at *3 (D. Haw. Aug. 12, 2014) (Holding in context of Local Rule 37.1, that "where requiring the parties to meet and confer would be futile, or depending upon the particular circumstances of a case, courts may address a motion's merits despite a party's failure to comply with a meet-and-confer requirement."). The Court agrees with the Magistrate Judge that MAI's request for sanctions under Local Rule 11.1 should be denied.

## CONCLUSION

On the basis of the foregoing, and after careful *de novo* review and consideration of the Findings and Recommendation and record in this matter, the Court hereby OVERRULES MAI's Objections and ADOPTS the Magistrate Judge's September 17, 2014 Findings and Recommendation Denying Bills of Costs.

IT IS SO ORDERED.

DATED: November 3, 2014 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge