IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

LAUREL J. MAU,

       Plaintiff and
       Counter-Defendant,

   vs.

MITSUNAGA & ASSOCIATES, INC.,

       Defendant and
       Counter-Claimant.

_____

MITSUNAGA & ASSOCIATES, INC.,

       Defendant and
       Counter-Claimant,

   vs.

LAUREL J. MAU,

       Plaintiff and
       Counter-Defendant.

_____

CIVIL NO. 12-00468 DKW-BMK


**ORDER ADOPTING MAGISTRATE JUDGE'S OCTOBER 28, 2014 FINDINGS AND RECOMMENDATION TO DENY DEFENDANT MITSUNAGA & ASSOCIATES, INC.'S MOTION FOR ATTORNEYS' FEES AND NON-TAXABLE EXPENSES**

**ORDER ADOPTING MAGISTRATE JUDGE'S OCTOBER 28, 2014
FINDINGS AND RECOMMENDATION TO DENY
DEFENDANT MITSUNAGA & ASSOCIATES, INC.'S
MOTION FOR ATTORNEYS' FEES AND NON-TAXABLE EXPENSES**

## INTRODUCTION

Defendant Mitsunaga & Associates, Inc. ("MAI") objects to the Magistrate

Judge's October 28, 2014 Findings and Recommendation, denying MAI's motion

for attorneys' fees and non-taxable expenses.   Because the Magistrate Judge

properly found that Plaintiff's claims were not frivolous, and further found the

absence of "exceptional circumstances" within the meaning of Title VII, the Court

ADOPTS the Findings and Recommendation, overrules MAI's objections, and

denies MAI's motion for attorneys' fees and non-taxable expenses.

## BACKGROUND

Mau filed a complaint against MAI, her former employer, alleging claims of:

gender and age discrimination in violation of Title VII, the Age Discrimination in

Employment Act ("ADEA"), and state law (Counts I & II); retaliation (Count III);

negligent and intentional infliction of emotional distress ("NIED" and "IIED")

(Counts IV & V); and punitive damages (Count VI).   MAI counterclaimed,

alleging: breach of the duty of loyalty, intentional or tortious interference with

prospective business or economic advantage, negligence, conversion, fraud, and punitive damages. The parties did not file any dispositive motions. Prior to trial, Mau dismissed her age discrimination claims.

A jury trial commenced on July 14, 2014. At the conclusion of Mau's case in chief, the Court granted MAI's Fed. R. Civ. P. Rule 50(a) motion with respect to Mau's NIED and IIED claims, but denied the motion as to her discrimination and retaliation claims. Before the case was submitted to the jury, the Court granted MAI's oral motion to dismiss its counterclaims for tortious interference and conversion. The jury found MAI not liable on each of Mau's claims. The jury found in favor of MAI on its breach of the duty of loyalty counterclaim, awarding nominal damages of $1.00 to MAI. The jury found for Mau on the remainder of MAI's counterclaims.

The Court previously adopted the Magistrate Judge's finding that neither party clearly prevailed for purposes of awarding costs. In its November 3, 2014 Order, the Court stated:

> The Magistrate Judge correctly found that both parties prevailed on some claims and lost on some claims, and that the "results are sufficiently mixed such that no party clearly prevailed." *See id.* at 2-3 (citing *HDEP*). "Typically, a determination of no prevailing party results when . . . the ostensibly prevailing party receives only a part of the relief sought. In other words, the

judgment is considered good news and bad news as to each of the parties." *Johnston v. Lindauer*, 2010 WL 2850767, at *5 (E.D. Cal. July 20, 2010) (citing *Deane Gardenhome Ass'n v. Denktas*, 13 Cal.App.4th 1394, 1398, 16 Cal.Rptr.2d 816 (1993)). That is the case here, where MAI received only a very limited part of the relief it sought, and the judgment constituted both good news and bad news to both Mau and MAI.

Here, although MAI was awarded nominal damages on one of its counterclaims, the Court finds that it is equitable and proper to deny MAI's Bill of Costs. In light of the Court's consideration of the complexity of the case, Mau's good faith in asserting her claims, the parties' conduct during the course of litigation, and the nominal relief awarded to MAI, the Court exercises its discretion to deny MAI's Bill of Costs.

11/3/14 Order (Dkt. No. 204).

MAI filed its motion for attorneys' fees on August 8, 2014. In the October 28, 2014 Findings and Recommendation, the Magistrate Judge found that no party clearly prevailed and that attorneys' fees were not warranted under Title VII, resulting in his recommendation that MAI's motion be denied. MAI now objects to the Magistrate Judge's Findings and Recommendation and asks the Court to award attorneys' fees in the amount of $59,430 and non-taxable costs in the amount of $13,608.44, for a total award of $73,038.44.

## STANDARD OF REVIEW

When a party objects to a magistrate judge's findings or recommendations, the district court must review *de novo* those portions to which the objections are made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 673 (1980); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("[T]he district judge must review the magistrate judge's findings and recommendations *de novo* if objection is made, but not otherwise.").

Under a *de novo* standard, this Court reviews "the matter anew, the same as if it had not been heard before, and as if no decision previously had been rendered." *Freeman v. DirecTV, Inc.*, 457 F.3d 1001, 1004 (9th Cir. 2006); *see also United States v. Silverman*, 861 F.2d 571, 576 (9th Cir. 1988). The district court need not hold a *de novo* hearing. However, it is the Court's obligation to arrive at its own independent conclusion about those portions of the magistrate judge's findings or recommendation to which a party objects. *United States v. Remsing*, 874 F.2d 614, 616 (9th Cir. 1989).

## DISCUSSION

MAI seeks attorneys' fees under Title VII, which provides that, "[i]n any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee (including expert fees) as part of the costs [.]"   Ninth Circuit law interpreting Title VII sets the bar for recovery of attorneys' fees by a defendant even higher – such "fees should only be awarded a defendant in exceptional circumstances."   *Saman v. Robbins*, 173 F.3d 1150, 1157 (9th Cir. 1999).   The Magistrate Judge found no such "exceptional circumstances" here: "it cannot be said that Plaintiff's claims were 'frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so[,]' and therefore, Defendant failed to establish that this case presents 'exceptional circumstances' under which it should be awarded attorneys' fees." F&R at 7 (citing *Bane v. Sailors' Union of the Pac*., 2008 WL 2598155, at *1 (D. Haw. July 1, 2008).

MAI objects on the grounds that: (1) Mau's claims, and, in particular, her age discrimination claims, were frivolous and baseless; and (2) attorneys' fees are at least warranted for Mau's IIED and NIED claims, given that the Court granted MAI's Fed. R. Civ. P. Rule 50(a) motion.   Each argument is addressed in turn.

# I.    MAI Is Not Entitled To Fees Under Title VII

MAI asserts an entitlement to fees under Title VII based, in part, on the

jury's verdict in its favor on Mau's gender discrimination and retaliation claims.

The Court disagrees.

> The United States Supreme Court ha[s] established the
> following guidelines for the award of attorneys' fees to a
> prevailing defendant under [42 U.S.C.] § 2000e-5(k):
>
>> a district court may in its discretion award attorney's fees
>> to a prevailing defendant in a Title VII case upon a
>> finding that the plaintiff's action was frivolous,
>> unreasonable, or without foundation, even though not
>> brought in subjective bad faith.
>
>> In applying these criteria, it is important that a district
>> court resist the understandable temptation to engage in
>> post hoc reasoning by concluding that, because a plaintiff
>> did not ultimately prevail, his action must have been
>> unreasonable or without foundation.   This kind of
>> hindsight logic could discourage all but the most airtight
>> claims, for seldom can a prospective plaintiff be sure of
>> ultimate success.
>
> *Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 421-22
> (1978).   In light of the Congressional intent to "promote the
> vigorous enforcement provisions of Title VII, a district court
> must exercise caution in awarding fees to a prevailing
> defendant . . . . " *Warren v. City of Carlsbad*, 58 F.3d 439, 444
> (9th Cir. 1995) (citations and quotation marks omitted).   Courts
> therefore should only award fees to a prevailing defendant in a
> Title VII action under "exceptional circumstances."   *See*
> *Saman v. Robbins*, 173 F.3d 1150, 1157 (9th Cir. 1999).

*Henderson v. Alexander & Baldwin, Inc.*, 2008 WL 2588712, at *4 (D. Hawai'i

June 30, 2008).   This district court has further explained that --

> "[a]lthough a defendant has prevailed in a civil rights case and a
> plaintiff has not met its prima facie burden, it does not
> necessarily follow that attorney's fees should be awarded to the
> defendant.["]   *Berry v. E.I. Dupont de Nemours and Co.*, 635
> F. Supp. 262, 266 (D. Del. 1986).   Indeed, just "[b]ecause a
> plaintiff has not met a prima facie burden and has not presented
> enough evidence to show discriminatory treatment, such failure
> does not lead to a finding of frivolity or groundlessness."   *Id.*
> Whether or not a plaintiff has established a prima facie case is
> but one fact in determining frivolity or groundlessness.   *Id.*
> Other factors for the court's consideration include offers of
> settlement by a defendant and whether the court dismissed the
> case prior to trial.   *Id.*   (citing *Sullivan v. School Bd. Of
> Pinellas County*, 773 F.2d 1182, 1189 (11th Cir. 1985)).

*Kaalakea v. Hawaii Health Sys. Corp.,* 2008 WL 4809474, at *2 (D. Haw. Nov. 4,

2008); *see also Siales v. HECO*, 2013 WL 6210639, at *11-12 (D. Haw. Nov. 27,

2013)(denying motion for attorneys' fees and costs under § 2000e-5(k) where

defendant failed to establish that Title VII claim was frivolous or groundless, or

that it was brought in bad faith).

### A.     Mau's Gender Discrimination and Retaliation Claims Were Not Frivolous

"An action becomes frivolous when the result appears obvious or the

arguments are wholly without merit."   *Galen v. County of Los Angeles*, 477 F.3d

652, 666 (2007).   At trial, the Court denied, in part, MAI's Rule 50(a) motion on

Mau's gender discrimination and retaliation claims under both federal and state

law, finding that:

> [t]he circumstantial evidence . . . in this case as it relates to both
> discrimination and retaliation is substantial.   And the court
> cannot say that a reasonable jury would not be able to find for
> the plaintiff, Ms. Mau, on either discrimination under state and
> federal law or retaliation under state and federal law.

7/23/14 Trial Tr. at 23.   As the Court has already found that reasonable jurors

could find in Mau's favor on these claims for the specific reasons articulated on the

record during the Rule 50(a) proceedings, these claims were not "unreasonable or

without foundation," precluding a determination that these claims were

"frivolous, groundless, or baseless."   *Christiansburg Garment Co*., 434 U.S. at

422.[1]

## B. Mau's Decision To Dismiss Her Age Discrimination Claims Prior To Trial Similarly Does Not Entitle MAI To Fees

MAI asserts an entitlement to attorneys' fees for opposing Mau's age

discrimination claims, which were unilaterally withdrawn by Mau in the weeks

---

[1]Also, as noted above, MAI neglected to file any dispositive motions in this matter with regard to the claims that it now asserts were frivolous, groundless, and baseless.   As a result, Mau's Title VII claims were never subjected to Rule 12 or Rule 56 scrutiny, which could have tested, early on, whether a prima facie case of discrimination existed.

leading up to trial. Citing *Maher v. Gagne*, 448 U.S. 122, 129 (1980), and *Dunkin' Donuts, Inc. v. N.A.S.T.*, 266 F. Supp. 2d 826 (N.D. Ill. 2003), MAI contends that Mau cannot avoid liability for its fees by conceding her claims before final judgment. These cases, however, do not support MAI's request for fees based on the voluntary pre-trial dismissal of Mau's age discrimination claims.

First, the facts in *Maher* are not analogous. In that case, the Supreme Court upheld an award of fees to a civil rights plaintiff who negotiated a consent decree with the state agency responsible for administering Aid to Families With Dependent Children ("AFDC"), a federally-funded public assistance program, without any determination that the plaintiff's constitutional rights had been violated. *Maher,* in other words, involved a plaintiff, not a defendant, seeking fees under a different statutory rubric than the one applicable here. Moreover, none of the claims in *Maher* were withdrawn. Rather, the parties entered into a consent decree, expressly agreeing that the question of whether plaintiff was entitled to recover fees would be submitted to the district court after entry of the decree. 448 U.S. at 126. The issue in that case was whether the plaintiff was the "prevailing party." No such issue is raised here. The Supreme Court in *Maher* concluded that:

> We also find no merit in petitioner's suggestion that respondent was not the "prevailing party" within the meaning of § 1988. The fact that respondent prevailed through a settlement rather than through litigation does not weaken her claim to fees. Nothing in the language of § 1988 conditions the District Court's power to award fees on full litigation of the issues or on a judicial determination that the plaintiff's rights have been violated.

*Id.* at 129. *Maher* does not support MAI's assertion that "[l]osing parties may not escape liability for fees merely by conceding claims, in this case the age discrimination claims, before final judgment." Obj. at 6 (citing *Maher*, 448 U.S. at 129).

Second, in *Dunkin' Donuts,* the plaintiff filed a motion for partial summary judgment on counterclaims filed against it. The opposing party then withdrew portions of the counterclaim, based on plaintiff's filing. The plaintiff responded by asking for reimbursement of the attorneys' fees and expenses that it had incurred in defending against those counterclaims before the defendant dropped them, as a sanction under 28 U.S.C. § 1927 and the court's inherent powers. 266 F. Supp. 2d at 827-28. The *Dunkin' Donuts* court concluded that there was no good faith justification for one of the counterclaims, which "was abandoned only after Dunkin's counsel had devoted time and effort to defeating it. That portion of the fees and expenses of Dunkin' will be shifted, to be borne by [defendant's]

counsel pursuant to [28 U.S.C. § 1927]." *Id.* at. 829. Importantly, as part of the

justification for its award, the court made an express finding of bad faith with

respect to the counterclaims:

> None could have been asserted in the objective good faith that
> is demanded by Section 1927. Accordingly [plaintiff] is
> entitled to be reimbursed for the attorneys' fees and expenses
> that it incurred in seeking the defeat of those claims before
> [defendant], who should never have advanced them in the first
> place, withdrew them in the face of [plaintiff's] Rule 56 motion.

*Id.* at 833.

Unlike the movant in *Dunkin' Donuts, Inc.*, MAI does not seek fees pursuant

to 28 U.S.C. § 1927 or the court's inherent authority to impose sanctions. Nor did

MAI file a dispositive motion with respect to Mau's age discrimination claim to

test its sufficiency prior to its withdrawal.[2] Nor has it presented any evidence that

Mau's age claims were frivolous, unreasonable, groundless, or brought in bad

---

[2]MAI contends that it "was denied an opportunity to file a motion for summary judgment" because the Magistrate Judge "set the dispositive motion deadline for January 15, 2014, three months before the discovery cut-off and five months before the scheduled trial date on June 16, 2014." MAI Trial Br. at 7 (Dkt. No. 114). MAI's contention, however, begs the question of how setting a dispositive motions deadline at the inception of the case, as occurred here and in every civil case with which this Court is familiar, rendered it unable to file a dispositive motion. Further, MAI did not appeal the Magistrate Judge's May 6, 2014 denial of its motion to continue trial in order to conduct additional discovery and re-open the dispositive motions deadline. Dkt. No. 87. Instead, MAI defeatedly and speculatively asserts that,"[d]uring the Pretrial Conference/Discovery Conference on May 6, 2014, Judge Kurren indicated that if MAI

faith. Accordingly, notwithstanding its reliance on *Maher* and *Dunkin' Donuts*,

MAI has not demonstrated any valid basis for awarding fees on Mau's age

discrimination claims.

### C. There Are No "Exceptional Circumstances" That Would Otherwise Justify An Award Of Fees

"Only in exceptional cases did Congress intend that defendants be awarded

attorney's fees under Title VII." *Mitchell v. Office of Los Angeles Cnty.*

*Superintendent of Schools*, 805 F.2d 844, 848 (9th Cir. 1986) (explaining that there

are "strong equitable considerations" to award fees to a prevailing plaintiff which

are "wholly absent in the case of a prevailing Title VII defendant."). Although

Mau ultimately did not prevail on her discrimination and retaliation claims at trial,

her choice to bring Title VII claims does not rise to the "exceptional

circumstances" required to overcome the strong public policy against awarding

fees to the defendant in a Title VII case. *See E.E.O.C. v. Robert L. Reeves &*

*Associates*, 262 F. App'x 42, 44 (9th Cir .2007).

For the reasons set forth above, in the Court's ruling on MAI's Rule 50

motion, and in its order denying MAI's Bill of Costs (dkt. no. 204), the Court has

---

attempted to appeal his decision denying MAI's Motion to Continue Trial to Judge Watson, it would likely fail[.]" MAI Trial Br. at 11.

no doubt that this is not an "exceptional" case that entitles MAI to attorney fees.[3]

Nor do "equitable considerations" warrant any different result.

> Equitable considerations, however, require that district courts apply different standards for fee awards to defendants than they do for fee awards to plaintiffs.   125 *Murphy v. Bd. of Educ. of the Rochester City Sch. Dist.*, 420 F. Supp. 2d 131, 134 (W.D.N.Y. 2006) ("[F]ee-shifting statutes serve a different purpose depending on whether plaintiff or defendant happens to be the prevailing party.").
> . . .
> Unlike fee awards to prevailing Title VII plaintiffs, fee awards to successful Title VII defendants should be exceptional rather than routine.   *See EEOC v. Quick Quality Rest., Inc.*, No. 04-cv-2472, 2006 WL 375173, at * 1 (S.D.N.Y. Feb.16, 2006) ("Prevailing defendants are not awarded attorney[']s fees as a matter of course.").

---

[3]Moreover, the conduct of counsel during the trial phase of this case was not always "exceptional."   The Court notes that even if fees were awardable to the defendant in this matter, the Court would carefully examine a reduction in the fee amount based on the quality of representation and unnecessarily prolonged litigation.   *See Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1046 (9th Cir. 2000) ("Quality of representation is generally considered at the lodestar stage in determining what is a reasonable hourly rate.").   As discussed previously, no dispositive motions were filed to narrow the issues before trial.   In addition, contrary to this Court's order, counsel for MAI did not provide copies of trial exhibits to the Court until the morning that trial was scheduled to commence.   In yet another instance, three of MAI's employees to be called as witnesses by Mau and subject to subpoena were suddenly off-island and "unavailable" to testify.   MAI's counsel did not notify Mau's attorney of that alleged unavailability until the weekend after trial began and just prior to the second and final week of trial was set to begin.   That gamesmanship necessitated mid-trial briefing (*see, e.g.*, dkt. no. 147) culminating with this Court's order to produce the witnesses to testify in person or via video conference, an order with which both MAI and its witnesses complied.   *See* 7/21/14 Trial Minutes (Dkt. No. 148).   The Court acknowledges that such conduct, when considered alone, does not mandate the complete denial of fees, but would provide grounds for reducing any fee award.   *See, e.g.*, *Jadwin v. County of Kern*, 767 F. Supp. 2d 1069, 1098-99 (E.D. Cal. 2011).

*Mbulu v. Bureau of Nat'l Affairs, Inc.*, 448 F. Supp. 2d 122, 125 (D.D.C. 2006).

In sum, "a district court may in its discretion award attorneys' fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation." *Christiansburg Garment Co*, 434 U.S. at 421. The Court declines to exercise that discretion in this case.

## II. Fees Are Not Warranted On Mau's NIED And IIED Claims

The Court next turns to whether attorneys' fees are warranted based on Mau's NIED and IIED claims that did not go to the jury. These tort claims are governed by state law, rather than Title VII. In its Objections, however, MAI makes no argument that it is entitled to attorneys' fees under the state law governing such claims.

Haw. Rev. Stat. §§ 607-14.5(a) and (b) provide, in relevant part:

> (a) In any civil action in this State where a party seeks money damages or injunctive relief, or both, against another party, and the case is subsequently decided, the court may, as it deems just, assess, against either party, whether or not the party was a prevailing party, and enter as part of its order, for which execution may issue, a reasonable sum of attorneys' fees and costs, in an amount to be determined by the court upon a specific finding that all or a portion of the party's claim or defense was frivolous as provided in subsection (b).

> (b) In determining the award of attorneys' fees and costs and the amounts to be awarded, the court must find in writing that

> all or a portion of the claims or defenses made by the party are
> frivolous and are not reasonably supported by the facts and the
> law in the civil action. . . .

A "frivolous" claim is one that is "'so manifestly and palpably without merit, so as to indicate bad faith on the pleader's part such that argument in court is not required.'" *Canalez v. Bob's Appliance Serv. Ctr., Inc*., 89 Hawai'i 292, 300, 972 P.2d 297, 303 (1999) (quoting *Coll v. McCarthy*, 72 Haw. 20, 29, 804 P.2d 881, 887 (1991)).

MAI argues that it is entitled to attorneys' fees on Mau's NIED and IIED claims based on the granting of MAI's Fed. R. Civ. P. 50(a) motion.   At trial, the Court denied MAI's Rule 50(a) motion as to Mau's gender discrimination and retaliation claims under both federal and state law, finding that the circumstantial evidence as it related to these claims was "substantial," and further noted that "the court cannot say that a reasonable jury would not be able to find for the plaintiff[.]" 7/23/14 Trial Tr. at 23.   The Court granted MAI's Rule 50(a) motion as to Mau's emotional distress claims, but made no finding that the claims were frivolous. Rather, the Court ruled that the Rule 50(a) motion would be granted in part, "not because of the absence of outrageous conduct.   There are portions of the evidence, many portions of the testimony over the last six or seven days that one could

ascribe the outrageous label to." *Id.* at 28. The Court also found that "[Mau] undoubtedly suffered some level of emotional distress." However, she failed to present evidence sufficient to meet the level of emotional distress needed for these claims to proceed to the jury. *Id*. at 29-30. More specifically, the Court granted MAI's motion "in light of what I believe is the absence of any evidence of extreme emotional distress or serious emotional distress" necessary to support an IIED or NIED claim, respectively. *Id.* Thus, the Court granted the Rule 50(a) motion because the evidence at trial was insufficient on one element of each of Mau's emotional distress claims and without finding that those claims were frivolous.

MAI asserts that Mau "forced MAI to incur fees and costs related to claims that Plaintiff knew all along were not viable." Obj. at 8. Whether or not Mau's NIED and IIED claims were "viable" is not the standard applied by the Court in awarding fees. MAI has failed to establish that Mau's NIED and IIED claims were so manifestly and palpably without merit so as to render them frivolous. *See Siales*, 2013 WL 6210639, at *11-12 (denying motion for attorneys' fees for NIED and IIED claims that were not "so manifestly and palpably without merit so as to render them frivolous"). MAI is therefore not entitled to an award of attorneys' fees and costs pursuant to Haw. Rev. Stat. § 607-14.5.

17

## CONCLUSION

On the basis of the foregoing, and after careful *de novo* review and consideration of the Findings and Recommendation and record in this matter, the Court hereby OVERRULES MAI's Objections and ADOPTS the Magistrate Judge's October 28, 2014 Findings and Recommendation.

IT IS SO ORDERED.

DATED: December 19, 2014 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

Mau v. Mitsunaga & Assocs. Inc..; CV 12-00468 DKW/BMK; ORDER ADOPTING MAGISTRATE JUDGE'S OCTOBER 28, 2014 FINDINGS AND RECOMMENDATION TO DENY DEFENDANT MITSUNAGA & ASSOCIATES, INC.'S MOTION FOR ATTORNEYS' FEES AND NON-TAXABLE EXPENSES

18